UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOB HUDDLESTON STATE FARM INSURANCE AGENCY and RODOLFO ALFARO MALO,<br><br>Plaintiffs,<br><br>v.<br><br>ERIC HOLDER, et al.,<br><br>Defendants. | Case No. 2:10-cv-02257-MMD-PAL<br><br>ORDER<br><br>(Def.'s Motion for Summary Judgment – dkt. no. 25) |

**I.   SUMMARY**

Before the Court is Defendants' Motion for Summary Judgment. (Dkt. no. 25.) For reasons discussed below, the Motion is granted.

**II.   BACKGROUND**

On May 13, 2009, Plaintiff Bob Huddleston State Farm Insurance Agency ("Huddleston") filed an H-1B non-immigrant employment visa application on behalf of co-Plaintiff Rodolfo Alfaro Malo ("Alfaro"). *See* 8 U.S.C. § 1101(a)(15)(H)(i)(b). Huddleston, a for-profit insurance agency based in Las Vegas, Nevada, seeks to hire Alfaro as a marketing coordinator for its ten-employee insurance business. According to Plaintiffs, the marketing coordinator "works directly with customers, company agents, and advertising agencies to identify and develop contacts for promotional campaigns that target mostly the Mexican insurance market, as well as participates in public events to promote the agency." (*See* Compl., dkt. no. 1 at ¶ 20.) Plaintiffs allege that the position

requires the minimum of a bachelor's degree or its equivalent in business administration, marketing, or a related field. (*See id.* at ¶ 22.)

After submitting its application, Huddleston received a July 14, 2010, request from the United States Citizenship & Immigration Services' California Service Center ("USCIS") for, *inter alia*, additional evidence as to whether the marketing coordinator position qualified as a "specialty occupation" within the meaning of the Immigration and Nationality Act ("INA") and the applicable agency regulations under 8 C.F.R. § 214.2(h)(4)(iii)(A). (*See* Administrative Record ("AR"), dkt. no. 19 at 82-88.) In response, Huddleston submitted additional evidence describing the job duties, and providing further information USCIS requested. (*See id.* at 181-84.)

On August 24, 2010, USCIS denied Huddleston's petition on the grounds that Huddleston failed to establish that the marketing coordinator position qualified as a specialty occupation. (*See* AR at 74-81.)

Thereafter, Plaintiffs filed this Complaint on December 29, 2010, against various Defendants seeking injunctive and declaratory relief. During the course of litigation, the parties agreed to reopen USCIS's August 24, 2010, decision for further administrative proceedings, wherein USCIS would issue a Notice of Intent to Deny ("NOID") and allow Huddleston an opportunity to respond. (*See* dkt. no. 10; AR at 47-56.) On May 18, 2011, Huddleston responded to the NOID by providing further information in support of his petition. (*See* AR at 57-61.)

USCIS subsequently denied the petition on June 8, 2011, noting that Huddleston again failed to demonstrate that the marketing coordinator position qualifies as a specialty occupation, and noting that inconsistencies between the evidence provided by Huddleston prevent USCIS from determining in what capacity Alfaro will be employed. (*See* AR at 37-46.) After certification to the USCIS Administrative Appeals Office ("AAO"), the AAO affirmed the denial on October 20, 2011. (*See id.* at 1-14.)

///
///

Defendants now move for summary judgment. (*See* dkt. no. 25.) Plaintiffs oppose the Motion. (Dkt. no. 26.) Defendants did not file a reply notwithstanding the Court's provision of extra time to do so. (*See* dkt. no. 28.)

## III. STANDARD OF REVIEW

Although the decision whether to grant or deny a visa petition lies within the discretion of the INS, *see Black Construction Corp. v. Immigration and Naturalization Service,* 746 F.2d 503, 504 (9th Cir.1984), a district court can review a final decision of the AAO under the Administrative Procedure Act, 5 U.S.C. § 701, *et seq*, *see Spencer Enterprises, Inc. v. United States*, 229 F. Supp. 2d 1025, 1034-35 (E.D. Cal. 2001) *aff'd,* 345 F.3d 683 (9th Cir. 2003). The court does not determine whether there are disputed issues of material fact as it would in a typical summary judgment proceeding; its review is based on the administrative record. 5 U.S.C. § 706(2)(F); *Nw. Motorcycle Ass'n v. U.S. Dept. of Agric.*, 18 F.3d 1468, 1472 (9th Cir. 1994); *see also South Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*,723 F.Supp.2d 1247, 1256 (E.D. Cal. 2010) (usual summary judgment standards do not apply).

A court may reverse an agency decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or is "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E); *W. Radio Services Co., Inc. v. Espy*, 79 F.3d 896, 900 (9th Cir. 1996). "Review under the arbitrary and capricious standard is narrow and the reviewing court may not substitute its judgment for that of the agency." *Id.* (*citing Marsh v. Oregon Natural Resources Council,* 490 U.S. 360, 376 (1989)). However, a reviewing court "must conduct a searching and careful inquiry into the facts." *Nw. Motorcycle Ass'n*, 18 F.3d at 1471. "When reviewing an agency decision, 'the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'" *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.,* 450 F.3d 930, 943 (9th Cir. 2006) (*quoting Camp v. Pitts,* 411 U.S. 138, 142 (1973)). "Because the court typically makes no finding of fact in determining if an agency's decision is arbitrary or capricious, APA disputes are usually

amenable to resolution by summary judgment." *Rijal v. U.S. Citizenship & Immigration Services*, 772 F. Supp. 2d 1339, 1344 (W.D. Wash. 2011) *aff'd,* 683 F.3d 1030 (9th Cir. 2012).

The court reverses the agency's decision as arbitrary or capricious only if the agency relied on factors Congress did not intend it to consider, entirely failed to consider an important aspect of the problem, offered an explanation that ran counter to the evidence before the agency, or offered one that is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. *See Dioxin/Organochlorine Center v. Clarke,* 57 F.3d 1517, 1521 (9th Cir.1995).

## IV.   DISCUSSION

As the Court's purview in this appeal from an administrative agency order is circumscribed, Plaintiffs' failure to raise the specter of an arbitrary, capricious, or otherwise unsupported agency decision necessitates granting the Motion.

An H-1B non-immigrant employment visa application is available to an individual "to perform services . . . in a specialty occupation described in section 1184(i)(1) . . . ." 8 U.S.C. § 1101(a)(15)(H)(i)(b).  A specialty occupation is in turn defined as

> an occupation that requires
> (A) theoretical and practical application of a body of highly specialized knowledge, and
> (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

8 U.S.C. § 1184(i)(1). Applicable regulations elaborate on this definition by requiring that petitioners provide evidence to show that a particular occupation meets one of the following criteria:

> (1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;
> (2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;
> (3) The employer normally requires a degree or its equivalent for the position; or

4

> (4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

8 C.F.R. § 214.2(h)(4)(iii)(A).  The Administrative Record demonstrates that USCIS appropriately considered the evidence before it, and determined that the marketing coordinator fails each of these four requirements.

### 1. Minimum Baccalaureate Degree Requirement

The AAO did not act arbitrarily or capriciously when it found Plaintiffs did not demonstrate that the marketing coordinator position requires a baccalaureate degree or equivalent.  The AAO analogized the position to a "marketing manager" or "sales agent" as described in the Department of Labor's *Occupational Outlook Handbook* ("Handbook"), and found that neither position requires a baccalaureate degree under the Handbook.  Although the Handbook states that such a degree may be *preferred*, it does not state that it is *required* as it must for characterization as a specialty occupation.  Plaintiffs do not provide any compelling argument to demonstrate that the AAO's decision was incorrect, or that the AAO relied on erroneous or irrelevant information in reaching its decision.

### 2. Commonality of Degree Requirement in the Industry

Huddleston also fails to establish either prong of the second requirement for specialty occupations.  A position qualifies as a specialty occupation if the degree requirement "is common to the industry in parallel positions" or the employer shows that the particular position "is so complex or unique that it can be performed only by an individual with a degree."  8 C.F.R. § 214.2(h)(4)(iii)(A)(2).

Although Huddleston provided four job listings purportedly as parallel positions, the AAO determined that none of the four were comparable to Huddleston's marketing manager position.  Two of the position listings ─ a marketing senior consultant and a Hispanic marketing manager ─ do not identify the type of organization or industry they operate in, which led the AAO correctly to disregard them as not comparable.  The third position for marketing lead consultant was for a main corporate officer of an insurance

company, not a local affiliate comparable to Huddleston's 10-person sole proprietorship.[1] The last position for an account supervisor/Hispanic marketer was determined by the AAO to be in a different industry not comparable to Huddleston's. Accordingly, the AAO correctly determined that the degree requirements in these four listings were not adequately imputed to the marketing coordinator position Alfano seeks to be employed in. As a rational adjudicator could have reached the same finding, Plaintiffs' attempt to reverse the AAO's findings in this regard must fail.

With respect to the second prong requiring Huddleston to demonstrate particular complexities or uniqueness in its position, the AAO properly found that the evidence does not demonstrate that Huddleston's position is an outlier among comparable positions.

### 3. Employer's Normal Employment Habits

A third requirement that justifies a position's characterization as a specialty occupation is if the position's employer normally requires a degree for the position. The AAO noted that while Huddleston claimed that a previous position for a marketing coordinator targeting the Asian American community was filled by an individual possessing the required degree, Huddleston failed to provide any evidence corroborating this assertion. *See Olamide Olorunniyo Ore v. Clinton*, 675 F. Supp. 2d 217, 226 (D. Mass. 2009) (deferring to USCIS action when the agency failed to consider assertions unaccompanied by documentary evidence). Since no evidence was found in the record, the AAO declined to consider this bare assertion. Plaintiffs attempt to revive their failed assertion again on appeal, but fail to meet their burden to overturn the AAO's finding.

///

---

[1] Huddleston attempts to impute the entire national profile of State Farm into its operation by pointing to State Farm's large national operation, but cannot escape the simple fact that its status as a regional agency does not render it comparable to a marketing consultant position within State Farm's national corporate office.

### 4.     Nature of the Position's Duties

Lastly, a position will be considered a specialty occupation if "[t]he nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree." *See* 8 C.F.R. § 214.2(h)(4)(iii)(A)(4).  The AAO again found that Huddleston failed to provide specific evidence demonstrating that the duties required of a marketing coordinator are usually associated with the attainment of a baccalaureate or higher degree.  Plaintiffs again do not trouble this finding with any compelling argument showing that the agency's decision was unsupportable or arbitrary and capricious.  The Court accordingly defers to the AAO's findings.

In light of the foregoing, the Court holds that Plaintiffs have failed to meet their burden in seeking to disturb the AAO's denial of Huddleston's petition.  Instead, Plaintiffs essentially seek to re-argue the merits of Alfaro's entitlement to the visa benefit.  As the Court's review of the AAO's decision is narrow and subject to deference, Plaintiffs' claims fail as a matter of law.  The AAO's credibility finding ─ that Huddleston failed "to credibly establish the substantive nature of the work to be performed by the beneficiary" (*see* AR at 7) ─ lends further support for the Court's decision.

## V.     CONCLUSION

Accordingly, IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (dkt. no. 25) is GRANTED.

DATED THIS 22nd day of March 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE